**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TENNESSEE**

---

**In re:  ROSEMARY STEWART**

                                         **Case No.  12-25225**
                                         **Chapter 13**
                                         **Adv. Proc. No. 14-00392**

                    **Debtor(s)/Plaintiff**

**WELLS FARGO HOME MORTGAGE**

                    **Defendant**

---

<u>**AMENDED**</u>
**PLAINTIFF'S COMPLAINT TO COMPEL TURNOVER OF MONIES FROM WELLS
FARGO HOME MORTGAGE**

---

       Plaintiff, the above-named chapter 13 debtor(s), alleges and requests as follows:

That this is an adversary proceeding brought pursuant to FED. R. BANKR. P. 7001(1)

and 11 U.S.C. § 542(a) to recover monies that were deducted in error from the Debtor's pay check in the

amount of $1,232.43.

1. Debtor would show that on June 30, 2014 Wells Fargo deducted $1,223.29; on July 15, 2014 they deducted

   $1,254.65; on July 30, 2014 they deducted $1,367.54 and then on August 15, 2014 a deduction of

   $1,239.91.  (deductions total $3,3031.39 minus the refund from the Trustee's office of $1,798.96 leaving a

   balance owed to the Debtor of $1,232.43 from Wells Fargo)

2. All these deductions were due to Wells Fargo's error stating that her homeowner's insurance premium was

   $1,200.00 **A MONTH** instead of **per year**.

3. All these deductions were in addition to her $511.00 every two weeks for her Chapter 13 plan payment.

4. This error on the part of Wells Fargo caused the Debtor to not have a paycheck from June 30, 2014 through

   August 15, 2014 which resulted in a great hardship for the Debtor.

5. Debtor received a refund check in the amount of $1,798.96 from the Chapter 13 Trustee's office in

   September, 2014 from the funds that the mortgage company sent to the Trustee in error.

6. Debtor needs the funds for her living expenses.

7. That this Court has jurisdiction under the provision of 28 U.S.C. § § 1334, 151 and 157(a).

8. That by virtue of 28 U.S.C. § 157(b)(2)(E) this is a core proceeding. See also FED.

R. BANK. P. 7008 (a).

9. That under the particular facts and circumstances and applicable law the plaintiff is

entitled to possession of the above-described property of the estate for "use" as

contemplated in 11 U.S.C. § 363.

**WHEREFORE**, Plaintiff respectfully prays for an expedited hearing and order

directing turnover of the above-described property ($1,232.43) of the estate from the defendant-

creditor.

*/s/Earnest E. Fiveash*
Earnest E. Fiveash
2600 Poplar Avenue, Ste. 214
Memphis, TN 38112
(901) 279-5759

## CERTIFICATE OF SERVICE

On October 22, 2014, a copy of the foregoing was served via United States Mail (First Class) or
electronically to the **Debtor(s)**, 6177 Blue Willow Cv, Memphis, TN 38141-7713; to **Case Trustee**, 200
Jefferson Ave., Ste. 1113, Memphis, TN 38103 and to the Creditor: Wells Fargo Home Mortgage,
MACX7801, 3476 Stateview Blvd., Fort Mill, SC 29715.

*/s/Earnest E. Fiveash*